RUTH ELIN AUERBACH (SBN 104191)
Attorney at Law
711 Van Ness Avenue, Suite 440
San Francisco, CA 94102
Telephone: (415) 673-0560
Facsimile: (415) 673-0562
e-mail: attorneyruth@sbcglobal.net

Attorney for Debtor, Eleanor Lindquist

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ELEANOR LINDQUIST<br><br>       Debtor. | Case No.: 08-31643<br>Chapter 13<br><br>Declaration of Eleanor Lindquist in Response to Trustee's Fourtth Amended Objection to Confirmation of Debtor's Plan<br><br>Hearing Date: October 14, 2009<br>Time: 9:30 A.M.<br>Courtroom: 23rd Floor, Hon. Thomas E. Carlson |

    I, ELEANOR LINDQUIST, declare that:

    1. I am the Debtor herein.

    2. The reason for this third bankruptcy filing is as follows: In 2002 I filed a Chapter 7 petition in this court, Case No. 02-33288, because a business that I had operated failed because my main funder, Hewlett Packard stopped funding it. Because I had no money, my employees filed claims with the California Labor Commissioner which I could not afford to pay. My husband previously filed a bankruptcy case in Oregon. When his debts were discharged, his credit card creditors began pursuing me as his spouse. In addition, business creditors of his from his previous business venture are also coming after me for payment of his debts. I was not involved in that business. On June 16, 2008, I filed a Chapter 13 case to deal with the debts.

DECLARATION IN RESPONSE TO
TRUSTEE'S FOURTH OBJECTION TO PLAN  - 1

Because I was representing myself, I was not able to prepare full schedules required in connection with the case, and the case was dismissed. I thereafter hired an attorney to file a new Chapter 13, and this case was thereafter filed.

3. I am divorced, but am in the process of litigation regarding the division of property and related issues from my marriage to Jeffrey Lindquist. The property settlement proceeding is pending in the San Mateo Superior Court, Case No. F081525 ("Superior Court case").

4. In connection with the Superior Court case, my deposition was taken on July 10, 2009. I believe that a copy of the deposition transcript was transmitted to David Burchard, Trustee by my former husband's attorney, Ian Yourtz. I believe that the deposition transcript is the "declaration" referred to in item 2 of the Trustee's Fourth Amended Objection to Chapter 13 Plan. In reviewing the deposition transcript, I have discovered a number of errors. My attorney is in the process of changing law firms, so he hasn't been able to submit the corrections yet, but I am informed and believe that he is preparing the corrections.

5. One of the primary issues in the Superior Court case is the disappearance of a substantial amount of property which had been kept in a storage space ("first storage space"). My former husband was supposed to pay the storage rental fees and when he failed to do so, the storage company had auctioned the contents of the storage space for three months' worth of storage, approximately $800 for items worth over $7,000,000.

6. In the late 1970's through the 1990's I earned a substantial amount of money, and bought artwork, jewelry and other property for my children. Everything was given to my daughter, Megan Kinter in 1998. She lived with me and my former husband off and on from the time of the purchases of the items, and was living with me in 2003 when we put everything in storage.

7. All jewelry which I inherited from my parents was given to my children in 1998.

8. Virtually all of the artwork I had purchased over the years was in the storage space and was lost when that property was auctioned by the storage company.

DECLARATION IN RESPONSE TO
TRUSTEE'S FOURTH OBJECTION TO PLAN  - 2

9. In approximately 2003, my husband and I separated and that is when he put everything into two storage spaces. After Mr. Lindquist moved to Oregon for his job, I learned that he had no intention of trying to work things out between us, and he abandoned us. In 2005, he stopped making any spousal support payments. When Mr. Lindquist stopped making the support payments, I was unable to support myself, and therefore had to sell some of my property in order to live. I sold some china and some art boxes in order to get money for living expenses.

10. I no longer have any of the jewelry I had purchased. Much of it was lost in the auction sale and some other jewelry, worth approximately $5,000, was stolen more recently.

11. In 2006, I sold my wedding ring for $2500 for living expenses, after I had been in a serious car accident and had been unable to work.

12. I had purchased a French Armoire and an American Colonial armoire in 1979, which I had also given to my daughter at the time of the purchases. Those items were recently recovered from a second storage unit which had been under the control of my ex-husband, when the Family Court judge ordered him to return the property to me and to pay for shipping everything to me. Those armoires were not mine, but had been stored for the benefit of my daughter, who now has possession of the items. The family court judge would not order Mr. Lindquist to pay for shipping the items to my daughter, which is why they first went to me.

13. I had once purchased some antique carpets which I had also given to my daughter in the 1990's. Because she was living with me at the time my husband put our belongings in storage, those items also were placed into the two storage spaces. Most of the larger items were in the first storage unit and are now gone. There are a few smaller rugs still remaining which belong to my daughter.

14. In the 1990's I had also purchased some valuable art boxes, which I had given to my daughter. She is in possession of most of those. The only boxes I still own are those in

DECLARATION IN RESPONSE TO
TRUSTEE'S FOURTH OBJECTION TO PLAN  - 3

1  which I have placed the ashes of my deceased parents and pets.  I have a total of five boxes
2  worth no more than $3,000 total.

15.  I own a small Spinet piano worth no more than $500.  I did once own a baby grand piano, but donated it to St. Dominic's church in 2003.

16.  Because of the nature of the proceedings in family court, I have had to hire attorneys to represent me, because the issues are too complicated for me to represent myself. Subsequent to the filing of this Chapter 13 case, I did borrow the money to pay the attorneys from some friends with the understanding that I would work for them to pay off the debt.

I declare under penalty of perjury that the foregoing is true and correct.  Executed at Foster City, California, this _8th__ day of October 2009.

                                          _/s/ Eleanor Lindquist_____
                                          ELEANOR LINDQUIST