```
LILIAN G. TSANG, Staff Counsel (#260460)
DAVID BURCHARD,
CHAPTER 13 TRUSTEE
393 VINTAGE PARK DRIVE, SUITE 150
FOSTER CITY, CA 94404
Tel:   (650) 345 – 7801 X 116
Fax:   (650) 345 – 1514
```

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>LINDQUIST, ELEANOR M.<br><br><br><br>Debtor. | Case No.: 08-3-1643 SFC13<br><br>**TRIAL BRIEF, MEMORANDUM OF POINTS & AUTHORITIES, AND EXHIBITS IN SUPPORT**<br><br>Date: March 30, 2010<br>Place: Crtrm 23 – 235 Pine St., 23rd Fl.<br>       San Francisco, California<br>Time: 9:30 AM<br>Judge: The Honorable Thomas E. Carlson |

David Burchard, Chapter 13 Trustee for the Northern District of California – San Francisco Division ("Trustee") moves this Court for an order dismissing this case for cause under 11 U.S.C. § 1307(c)(5) as Eleanor M. Lindquist ("Debtor") has failed to disclose all personal assets in violation of 11 U.S.C. §§ 1325(a)(3). The Trustee seeks dismissal as the Chapter 13 plan is not confirmable for violation of 11 U.S.C. § 1325(a)(4) and as Debtor is barred from a conversion to Chapter 7 as she was previously discharged in Chapter 7 (case #02-33288) on August 18, 2004.

**INTRODUCTION**

Debtor is the owner of a valuable armoire, which Debtor has failed to disclose in her Chapter 13 bankruptcy petition and schedules. The Trustee was unaware of this asset until an attorney who deposed Debtor in a state court proceeding provided a July 10, 2009 deposition transcript to the Trustee. Revealed from the deposition transcript, Debtor testified under oath that she owns an antique armoire that she purchased for $150,000.00, of which Debtor now

1

estimates to have a value of at least $150,000.00. The non-exempt value of this armoire would allow unsecured creditors to receive more than the estimated 4.75% as proposed in the current plan. Thus, Debtor's Chapter 13 plan is not only proposed in bad faith for failure to disclose all assets, but it is also in violation of the liquidation test set forth in the provisions of Chapter 13 of Title 11 of the United States Bankruptcy Code ("Bankruptcy Code") as the property to be distributed under the plan to unsecured creditors is less than the amount unsecured creditors would otherwise receive if the estate of the Debtor were to be liquidated under Chapter 7.

Debtor stated to the United States Trustee that the armoire was never hers and ownership of the armoire was transferred to her daughter when it was first purchased. Debtor provided a letter that purports to be typed in 1986 as evidence of the transfer. The Trustee takes the position that Debtor's evidence and testimony are inconsistent and not credible and that Debtor is still the owner of the armoire. Since Debtor was discharged from a previous Chapter 7 case (#02-33288) in August 2004, Debtor is currently barred from conversion to Chapter 7. Thus, the Trustee requests this Court to uphold the Trustee's objection to confirmation and dismiss this case for cause pursuant to 11 U.S.C. §1307(c)(5) as the plan cannot be confirmed under of 11 U.S.C. §§ 1325(a)(3) and (a)(4).

The Trustee requests the Court to consider the exhibits filed in support of this Motion. The Trustee further requests the Court to consider the entire record and to take judicial notice under F.R.E. 201 of its own records in this case in support of this Motion. The Trustee reserves the right to supplement this Motion, take additional discovery, and present further evidence in support of this Motion.

**STATEMENT OF FACTS**

1. Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on September 8, 2008.

2. Debtor initially filed an incomplete Schedule B with her petition and subsequently filed an amended Schedule B on November 7, 2008. The amended Schedule B and Schedule C listed various ordinary personal items and provided a value of $3,000.00 for "Furniture and Furnishings at Debtor's residence." Debtor's petition and schedules do not include an armoire.

2

3. On August 14, 2009, Mr. Ian R. Yourtz, an attorney who represented Debtor's ex-husband in a San Mateo Superior Court marital dissolution proceeding, contacted the Trustee via mail. Mr. Yourtz provided the Trustee with a copy of several pages from Debtor's July 10, 2009 deposition transcript and informed the Trustee of the undisclosed antique armoire. (Exhibit A.)

4. The transcript reveals that Debtor testified she owns an English armoire, which is stored in her garage, that she paid $150,000.00 for, and that the value is likely to have increased since her purchase. There is no mention of her gifting this armoire to her daughter or that she no longer have ownership. (Exhibit B.)

5. On September 8, 2009, the Trustee filed a Fifth Amended Objection to Confirmation requesting additional information on the valuation of Debtor's personal property, including the armoire. The "declaration" in item #2 of the Trustee's objection refers to Debtor's deposition transcript Mr. Yourtz provided to the Trustee. (Exhibit C; Docket #22.)

6. On October 9, 2009, Debtor filed a declaration in response to the Trustee's Fourth Amended Objection. ("Declaration"). In paragraph 4, Debtor stated that she "discovered a number of errors" in her deposition transcript and that she was informed that her attorney is "preparing the corrections." (Exhibit D; Docket #23, 2:7-13.)

7. With regards to the armoire, Debtor stated that she had purchased the armoire back in 1979, and the armoire was gifted to her daughter at the time of the purchase. She claimed that the armoire was placed in storage and later recovered from her ex-husband. Debtor also stated that she first had possession of the armoire after the recovery, but the armoire is now in her daughter's possession. (Id., 3:12-18.)

8. The Trustee filed the Fifth Amended Objection to Confirmation as Debtor's Declaration has not resolved number 2 of the Trustee's Fourth Amended Objection to Confirmation in regards to Debtor's ownership of the armoire. (Exhibit E; Docket #24.)

9. In light of the Debtor's conflicting allegations and disputed evidence of ownership, the Trustee referred this case to the United States Trustee's Office ("UST") for possible fraud on August 21, 2009.

3

10. On February 9, 2010, the Trustee was informed via email from Ms. Pat Cutler at UST that Debtor and her bankruptcy counsel met with her regarding this case. Ms. Cutler informed the Trustee that Debtor stated to her that the armoire was transferred to her then 12 year-old daughter, Megan Kinter, at the time of purchase of 1986. Debtor's daughter stated the same to Ms. Cutler as well.

11. At this meeting, Debtor presented to the UST pictures of the armoire and a typed personal letter from the Debtor to her daughter as evidence of transferred ownership of the armoire. (Exhibit F and G.) When asked by Ms. Cutler whether Debtor reported the gift transfer to the IRS at any time afterwards, Debtor stated that she had not.

12. No other evidence was provided in support of the alleged transfer.

## DISCUSSION

**A. Debtor Has Acted in Bad Faith by Not Disclosing the Armoire in Her Bankruptcy Schedules.**

    **1. Debtor Testified Under Oath Regarding Her Ownership of the Armoire.**

Rule 30(e) allows the deponent 30 days of the deposition date to review and make changes in form or substance upon request. Fed. Rules of Civ. Pro. 30(e). However, a growing minority view of courts interprets Rule 30(e) to allow only correction of non-substantive changes in deposition testimony. Hambleton Bros. Lumber Co. v. Balkin Enters., Inc., 397 F.3d 1217, 1224-25 (9th Cir. 2005). The purpose of Rule 30(e) "cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses." In re Harrell, 351 B.R. 221, 241 (Bankr. M.D. Fla. 2006) (citing Greenway v. Int'l Paper Co., 144 F.R.D. 322, 325 (W.D.La.1992)).

In the state proceeding deposition that was taken on July 10, 2009, Debtor testified under the penalty of perjury that she had purchased the armoire for $150,000.00 and it was stored in her garage. (Exhibit B, 61:17-23.) Notably, she failed to mention during her deposition that she gifted the armoire to her daughter when it was first purchased as she now claims in her

4

declaration. Rather, when questioned whether she would allow an appraiser to "take a look at it," Debtor readily agreed. (Id., 61:23-25, 62:1.) Debtor also stated that the armoire might be appraised for two hundred thousand dollars. (Id. 62:10-14.)

In her Declaration, Debtor refuted her testimony in her deposition. She stated that she noticed "errors" in the deposition transcript and her attorney is working on having them corrected. It is unclear from Debtor's Declaration which part of her answers was in error or whether there were any actual attempts to change her testimony. (Exhibit D, 2:7-13.) Although Debtor's Declaration states that Debtor's daughter now has possession of the armoire, the Trustee believes that Debtor continues to have ownership of the armoire as Debtor has not refuted her ownership regardless where it is now stored. Furthermore, according to the prevailing interpretation of Rule 30(e), Debtor is barred from making substantive changes to her testimony.

### 2. **Debtor Failed to Present Credible Evidence of a Transfer in Ownership.**

In a meeting with the UST some time in January of 2010, Debtor presented to the UST pictures of the armoire and a typed letter that purports to be written in April 14, 1986. This date was supposedly the day Debtor purchased the armoire and when Debtor transferred the armoire to her daughter, who was 12 years old at the time and was living with Debtor, as a gift. (Exhibit G.)

A layperson's examination of the typed letter suggests that this letter was not written in April 14, 1986. Debtor told the UST that she was living with her daughter at that time, but instead of a handwritten note conveying the informal transfer, as one would expect, this letter was typed and produced with a word processor. The font is clearly Times New Roman size 12 point and not of a typewriter font. Not many households are in possession of word processors in the mid-1980s, and it is also atypical and uncommon for a mother to type a word-processed letter to her 12 year-old daughter gifting her two armoires purchased that same day. Clearly, the letter is insufficient evidence of a transfer in the ownership of the armoire.

5

In addition, there are obvious inconsistencies in the dates that Debtor allegedly transferred the armoire to her daughter. In the letter she provided, the date of the purported transfer was April 14, 1986. While in Debtor's Declaration, Debtor stated that she purchased the armoire in 1979 and gave them to her daughter at the time of the purchases (referring to 1979). (Exhibit D, 3:12-13).

The Trustee, as well as the UST, is in the position that Debtor is not credible in her statements to the UST and not credible in the alleged transfer of the armoire to her daughter. To date, the Debtor has not presented any other documentation besides Debtor's Declaration and the letter to refute her testimony on ownership of the armoire.

### 3. Debtor's Chapter 13 Plan was Proposed in Bad Faith.

The lack of good faith or bad faith test under 11 U.S.C. §1325(a)(3) is a totality of circumstances, case-by-case inquiry into a non-exhaustive list of factors, including whether the debtor acted equitably in proposing their Chapter 13 plan, unfairly manipulated the Bankruptcy Code, and whether the debtor misrepresented facts in the plan. In re Goeb, 675 F.2d 1386, 1390 (9th Cir. 1982). Similarly, a finding that a Chapter 13 plan was filed in bad faith can be cause for dismissal. 11 U.S.C. §1307(c).

Some courts utilize preponderance of the evidence standard and others have applied a clear and convincing standard for finding bad faith. In re Arnold, 252 B.R. 778, 785 (9th Cir. BAP 2000). Attempts by the debtor to conceal assets are usual grounds for finding the presence of bad faith. Id. Contradicting statements also goes into the credibility of the debtor and suggestion of bad faith in initial nondisclosure. Id.

Debtor's misrepresentation of her personal assets and intentional nondisclosure of the valuable armoire in her plan and schedules satisfy both the preponderance of evidence and clear and convincing standards for finding bad faith. Debtor owned the armoire at the time of filing the instant bankruptcy petition, and the deposition transcript presents undisputed testimony under oath as to her ownership. She testified that she purchased the armoire and has possession of it in her garage. But apparently, the armoire was omitted from her schedules. The timing should also be noted; Debtor filed her Chapter 13 plan and schedules almost one year before her admission

6

Case: 08-31643    Doc# 25    Filed: 03/23/10    Entered: 03/23/10 12:20:45    Page 6 of 9

of ownership in the deposition. Thus, Debtor was fully aware of her obligation to report the armoire when she filed her bankruptcy petition.

Debtor does not dispute the fact that she purchased the armoire. But only after her deposition came to the Trustee's attention through an unexpected source, Debtor presented an unconvincing letter as evidence that the armoire was gifted in an attempt to conceal her ownership. Debtor could not explain to the UST why a will or the normal inheritance process was not used for the transfer if she intended that her daughter would have the armoire upon her death as stated in the letter. Nor could Debtor explain why there is no other documentation evidencing the transfer. The Trustee was also informed that at the meeting with the UST, Debtor became very uncertain about the true value of the two armoires she purchased. Debtor's uncertainty of the armoire's value is a sharp contrast from her testimony in the deposition. Debtor told the UST that she had paid only $2,200.00 for the armoires, but she has no documentation or receipt.

Debtor's inconsistent statements, irrefutable testimony under oath, and the absence of convincing evidence that Debtor gifted the armoire to her daughter, in sum, support a finding that Debtor as the owner of the armoire and Debtor intentionally concealed the armoire in her bankruptcy petition. Despite the uncertainty of the armoire's actual value, the intentional omission of the armoire amounts to bad faith.

**B. This Case Cannot be Confirmed for Violation of the Liquidation Test.**

The debtor has the ultimate burden to prove that all requirements for confirmation of a Chapter 13 plan have been met. 11 U.S.C. § 1325; In re Wolff, 22 B.R. 510, 512 (9th Cir. BAP 1982). One of the requirements for confirmation is that the proposed plan must satisfy the "liquidation test" of Section 1325(a)(4). That section requires the value of "property to be distributed on account of each allowed unsecured claim is not less than the amount that would be on such claim if the estate of the debtor were liquidated under chapter 7 of this title" as of the effective date of the plan. 11 U.S.C. § 1325(a)(4).

Debtor's First Amended Plan proposes $200.00 for 60 months, providing a total base of $12,000.00. After payment of attorney's fees of $2,274.00 and administrative fees to the

Trustee, $3,000.00 is to be paid to the Internal Revenue Service and an estimated 4.74% to unsecured debts of $248,876.10.

Debtor's elected the California Code of Civil Procedure Section 703.140 exemption scheme in her Schedule C. Section 703.140(b)(3) allows for a maximum exemption of $450.00 for each item of household furnishings or household goods, and the unused value from Section 703.140(b)(5) can be applied toward exemption. Cal. Code Civ. Pro. §§ 703.140(b)(3), (b)(5). Debtor exempted $3,200.00 for current furnishings and furniture at her residence under Section § 703.140(b)(3). Additionally, Debtor exempted a total of $2,925.00 under Section 703.140(b)(1) and $1,000.00 under (b)(5).

Substantial value of the armoire will remain non-exempt. In her deposition, Debtor repeatedly stated her belief that the armoire is valued more than what she had paid for back in 1979. Debtor speculated that it might even be appraised for $200,000.00. (Exhibit B, 62:10-14.) It is evident from the deposition transcript and Debtor's Declaration that Debtor is a knowledgeable and avid collector of valuable antiques and artwork. Debtor told the UST that at one point in her life, Debtor owned almost $10 million in art, antiques, and valuable property. Thus, $150,000.00 is a very conservative estimate for the value of the armoire since that was the purchase price in 1979.

In the Trustee's liquidation analysis, the Trustee believes that there is substantial non-exempt value in Debtor's armoire to be distributed for the benefit of creditors. Unsecured creditors are to receive an estimated 4.75% or $11,821.61 under the current plan. The non-exempt value of the armoire is estimated to be at least $100,000.00, thus Debtor's proposed plan cannot be confirmed for non-compliance with Section 1325(a)(4).

### 1. Debtor Should Not Be Given Leave to Amend Schedules to Include the Armoire.

Although amendments to schedules are freely allowed under Rule 1009(a), amendments as to include exemptions should be disallowed on grounds of bad faith and prejudice. <u>Arnold</u>, 252 B.R. at 782.

//
8

Case: 08-31643    Doc# 25    Filed: 03/23/10    Entered: 03/23/10 12:20:45    Page 8 of 9

In this case, bad faith is present as discussed above. The Trustee will be prejudiced in his administration of the estate should Debtor be given leave to include exemptions for the armoire. The Trustee is not in the position to liquidate assets of the bankruptcy estate; rather, that is role of a Chapter 7 Trustee. Thus, should Debtor be allowed leave to amend and list the armoire while assigning to it an arbitrary value, the burden is placed upon the Trustee to rebut the scheduled value and to obtain an appraisal for the current sale value of the armoire. In essence, this would reward Debtor's initial bad faith non-disclosure of the armoire, even if it were to be valued less than the purchase price of $150,000.00.

## **CONCLUSION**

The Trustee would prefer motioning this Court for conversion of this case to Chapter 7, as the Chapter 7 Trustee would better assess the value of the armoire and liquidate Debtor's assets for benefit of creditors. However, because Debtor is barred from another Chapter 7 filing, the Trustee has no alternative but to request dismissal of this case.

WHEREFORE, David Burchard, the Chapter 13 Trustee, respectfully requests:

(I) Entry of an Order finding that Debtor owns armoire in question; and

(II) Entry of an Order dismissing Debtor's case for proposing a Chapter 13 plan in bad faith as Debtor failed to disclosed all personal assets pursuant to 11 U.S.C. § 1325(a)(3) and proposing a Chapter 13 plan that is not confirmable for violation of 11 U.S.C. § 1325(a)(4).

Dated: March 23, 2010

Respectfully submitted,
David Burchard, Ch. 13 Trustee

/s/ Lilian G. Tsang
Lilian G. Tsang, Staff Attorney